## James Brown *vs.* Alonzo F. Neale.

A writ of attachment, after partial service, cannot rightfully be altered by the insertion therein of a direction to summon a trustee; and if so altered, no further service thereof can rightfully be made.

If a writ, after the commencement of the service thereof, has been wrongfully altered by the insertion of a direction to summon as trustee a mortgagee of the property which has been attached on the same, and the service was thereupon completed and the action entered and judgment rendered by default against the principal defendant and trustee, the latter is not estopped to maintain an action against the officer to whom the execution which was issued thereon was committed, for a conversion of the mortgaged property by a levy of the execution thereon.

Tort by the mortgagee of personal property against a deputy sheriff, for the conversion of the same.

It was agreed, in the superior court, that the defendant attached the property on a writ in favor of one Ferguson against Charles B. Locke, on the 9th of August 1859, and on the 16th of the same month the plaintiff demanded of him the amount due upon the note secured by his mortgage; and thereupon the writ against Locke was altered by the insertion therein of a direction in the usual form of a trustee writ to summon the plaintiff as his trustee, after which the service was completed by leaving a copy at the last and usual place of abode of the trustee, he being out of the Commonwealth, and the action was entered, Locke and Brown were defaulted, judgment was rendered, and the execution levied upon the property originally attached.

On these facts, judgment was ordered in the superior court for the plaintiff, the damages being fixed by agreement at one hundred dollars, provided the action could be maintained; and the defendant appealed.

*J. C. Park*, for the defendant.

*A. Jackson*, for the plaintiff.

Metcalf, J. It is the opinion of the court that Ferguson's writ, in his action against Locke, was not altered and served rightfully; that the plaintiff is not, by his default in that action, estopped from commencing this suit; and that he is therefore to have judgment for the sum agreed on by the parties.

Had Ferguson's writ been originally a trustee process, he would have been authorized, by the Rev. Sts. *c.* 109, § 9, to insert therein the names of additional persons as trustees, after an attachment of Locke's property and before further service on him by copy. But we know of no other case in which a new party can be added to a writ after an attachment thereon has been made, unless leave for so doing has been first obtained from the court subsequently to the return and entry of the writ.

It has been argued for the defendant, that the alteration of the writ was rightfully made, without leave of court, under *St.* 1844, *c.* 148, § 2, which authorized the attachment of mortgaged goods in the possession of the mortgagor, and the summoning of the mortgagee, in the same action, as his trustee. But we cannot perceive any more reason for giving such a construction to that statute than to the statutes which first authorized the summoning of corporations, executors and administrators, as trustees. *St.* 1832, *c.* 164. Rev. Sts. *c.* 109, § 62.

If Ferguson had discharged his attachment and surceased his suit against Locke, he might afterwards have made a trustee writ and a new attachment. And it would have been no objection to the validity of such attachment that the second writ was made by altering the first, instead of making it on a new blank. *Gile* v. *Devens*, 11 Cush. 59.

The writ not being rightfully altered, there could be no rightful service of it, after the alteration. If the court had deemed the alteration rightful, it would have been necessary to decide whether the service, which was afterwards made, conformed to the statute requisitions. But that question is now immaterial.

There is no estoppel on the plaintiff in this case. Nor would there have been, even if the alteration and service of Ferguson's writ had been rightfully made. A judgment charging an alleged trustee on his default, in the original action, has never been conclusively binding on him. He might always show, on *scire facias*, that he was not chargeable. Besides; by the proceedings on the execution against Locke, the judgment charging

the plaintiff ceased to have any legal effect. The property, for which alone he was sought to be charged as trustee, was seized and sold on that execution, and the proceeds of the sale were applied towards satisfaction thereof. Ferguson therefore could have no claim on the plaintiff, by reason of the judgment which charged him as trustee. No demand of payment nor of a delivery of the goods was made on the plaintiff by the officer holding the execution ; so that if the mortgaged property had not been sold, or if only a part of it had been sold, a writ of *scire facias* could not have been maintained against the plaintiff. Rev. Sts. *c.* 109, §§ 29, 38. Again; the defendant might have put to the plaintiff the same interrogatories, in this action, which might have been put to him on a trustee process regularly made and served, and might thus have successfully defended the action, if the plaintiff's answers had failed to show the validity of his mortgage.

*Judgment for the plaintiff for one hundred dollars.*